UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. JOHNSON,

                    Plaintiff,           Civil Action No. 13-15222
                                         Honorable Terrence G. Berg
                                         Magistrate Judge David R. Grand

v.

NEW GM and GM,

                    Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS [14]**

Before the Court is the Motion to Dismiss filed by Defendant General Motors LLC[1] ("GM") on February 19, 2014. (Doc. #14). *Pro se* Plaintiff Debra Johnson ("Johnson") filed a response to this motion on March 3, 2014 (Doc. #18), and GM filed a reply on March 17, 2014 (Doc. #19).

On January 14, 2014, this case was referred by the Hon. Terrence G. Berg to the undersigned for all pretrial purposes. (Doc. #10). The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

**A.    Background**

On December 23, 2013, Johnson filed a complaint against GM."[2] (Doc. #1). Four days later, Johnson filed an "Amended Complaint" against this entity. (Doc. #6). On February 19, 2014, GM timely filed the instant motion, arguing that Johnson's complaint should be dismissed

---

[1] General Motors LLC is improperly identified in Plaintiff's Complaint as "New GM," "GM," and/or "General Motors Company." (Doc. #1).

[2] In a parallel action, Johnson has brought suit against the UAW, the union that represented her while she was employed at GM. *See* 13-15521.

pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. (Doc. #14).

It appears from the pleadings that Johnson formerly was employed by GM at its Flint, Michigan plant. Johnson apparently asserts that on March 11, 2009, she was unlawfully terminated by GM. (Doc. #1 at 9 (alleging "defendants unjust discharge implemented on 3-11-09 were unsupported by substantial evidences of which unjust administrative-conducts infringed upon due process rights afforded by law")). Specifically, Johnson appears to allege that GM discriminated against her on the basis of an alleged disability in violation of the Americans with Disabilities Act ("ADA"). (*Id.* at 1-2; Doc. #6 at 1-2). In her pleadings, Johnson refers to a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") in 2013, in which Johnson accused GM of disability discrimination. (*Id.*). Johnson also mentions and attaches to her complaint a copy of the Dismissal and Notice of Rights issued by the EEOC on June 11, 2013. (Doc. #1 at 18; Doc. #6 at 2).

**B.     The Applicable Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.     Analysis**

As GM indicates in its motion, Johnson's pleadings in this case are "incomprehensible," and it is difficult to discern the factual or legal basis for her claims. (Doc. #14 at 4). Giving

3

Johnson the benefit of every doubt, GM nevertheless argues that Johnson's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "… even under a liberal construction that interprets plaintiff's Complaint as a claim under the ADA, any such claim fails because plaintiff failed to timely file suit after the EEOC issued a right-to-sue letter." (*Id.*). After reviewing Johnson's pleadings, the Court agrees.

From a liberal reading of Johnson's complaint and amended complaint, it appears that Johnson is alleging that GM discriminated her on the basis of disability, in violation of the ADA, when it terminated her employment on March 11, 2009.[3] (Doc. #1 at 2; Doc. #6 at 2). Indeed, Johnson has, in the past, filed at least one charge of discrimination against GM with the EEOC. (Doc. #1 at 18).

As a prerequisite to filing suit in federal court under the ADA, a plaintiff must first file a charge of discrimination with the EEOC and must receive from the EEOC a notice of right to sue. *See* 42 U.S.C. §2000e-5; 42 U.S.C. §12117(a). The plaintiff then has 90 days from receipt of the right-to-sue letter to bring suit. *See* 42 U.S.C. §2000e-5(f)(1) ("If a charge filed with the Commission … is dismissed by the Commission …, the Commission shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge …."); *see also* 42 U.S.C. §12117(a). Case law makes clear that the 90-day filing period acts as a statute of limitations. *See, e.g., Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) ("Once the administrative agency notifies the plaintiff of the dismissal of the charge by issuing a right to sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, 2013 WL 1282020, at *3 (E.D. Mich. Mar. 27,

---

[3] In her original complaint, Johnson also alleged that it was "possible" she was being discriminated against on the basis of age and color. (Doc. #1 at 2). In her amended complaint, however, Johnson eliminated these allegations. (Doc. #6 at 2).

4

2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred.").

In this case, Johnson attaches to her complaint the right-to-sue letter issued to her by the EEOC on June 11, 2013. (Doc. #1 at 18). That notice itself clearly and conspicuously advises Johnson that a "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.*) (emphasis in original). Despite this fact, Johnson waited until December 23, 2013 – well more than 90 days after the issuance of the right-to-sue letter – to file the instant lawsuit. Because Johnson failed to file suit within 90 days of receiving her right-to-sue letter, as required by the ADA, her federal disability discrimination claim against GM is time-barred. *Austion*, 244 F. App'x at 648; *Gui*, 2013 WL 1282020, at *3.

Johnson argues that her failure to file her lawsuit within the 90-day limitations period should be excused because, on June 24, 2013, she requested reconsideration of the EEOC's determination. (Doc. #18 at 5-6; Doc. #1 at 17). And, although not entirely clear, it appears that Johnson claims she has not yet received a response to this request for reconsideration from the EEOC. (Doc. #1 at 5 ("Thereby, in absence of Judicial Review plaintiff is found to have entitlement rights to review thereof because this action is filed before expiration of the period after there has not yet been no final decision by commission rendered upon receivership of appeal most recently filed on *6-24-13* §1614.407.") (emphasis in original)). Johnson does not cite any case law in support of her argument that the limitations period is somehow tolled by the submission of her request for reconsideration. And, indeed, courts have held that a mere request for reconsideration does not toll the ninety-day limitations period. *See McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227-28 (3d Cir. 1995). The *McCray* court explained:

> To hold otherwise would permit claimants to manipulate the ninety day filing period merely by requesting reconsideration to extend the

5

> limitations period. Such a result was not contemplated by Congress given the imposition of the ninety day statute of limitations in the first instance nor is there any support in the EEOC Regulations for tolling the ninety day filing period when the only action is a claimant's request for reconsideration of the EEOC's Determination.

*Id.*; *see also Vollinger v. Merrill Lynch & Co., Inc.*, 198 F. Supp. 2d 433, 440 (S.D.N.Y. 2002); *Gonzalez v. Fedex Co.*, 1996 WL 346968, at *3 (S.D.N.Y. June 24, 1996) ("Plaintiff's request to the EEOC for reconsideration of his original claim does not toll the 90-day period for filing suit. There is no provision in either the Act or the pertinent regulations stating that a request for reconsideration automatically tolls the running of the limitations period …."). Thus, Johnson's federal discrimination claim against GM is time barred.

**D.     Conclusion**

For all of the reasons set forth above, Johnson's complaint fails to state a claim against GM. Therefore, **IT IS RECOMMENDED** that GM's Motion to Dismiss **[14]** be **GRANTED** and Johnson's complaint be dismissed in its entirety, with prejudice.

Dated: April 3, 2014                     s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                                  United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 3, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
