UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA L. JOHNSON,

                Plaintiff,

v.                                          Case No. 13-15222

NEW GM, et al.,                         HON. TERRENCE G. BERG
                                                    HON. DAVID R. GRAND
                  Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge David R. Grand's Report and Recommendation of April 3, 2014 (Dkt. 20), recommending that Defendants' motion to dismiss (Dkt. 14) be granted.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Plaintiff filed timely objections (Dkt. 21) to the Report and Recommendation; Defendant did not file any objections but did file a response to Plaintiff's objections (Dkt. 22). A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Grand's Report and Recommendation, and Plaintiff's objections. Plaintiff's objections are very difficult to understand and are often incoherent, but they appear to be mostly complaints about issues that are irrelevant to the grounds upon which Magistrate Judge Grand has recommended dismissal. Reviewing the matter de novo, the Court finds that Plaintiff's claims against Defendants are time-barred for the reasons stated in the Report and Recommendation. The only objections Plaintiff appears to make as to the Magistrate Judge's determination of the timeliness of the claim are Objections 4 and 5 (Dkt. 21 at 6–7). In Objection 4, Plaintiff appears to argue her termination date is "misconstrued" and that it ignores her attempt to "complete the perquisite [sic] steps of administrative review. In Objection 5, Plaintiff appears to argue that any delay should be excused because Plaintiff did not know and could not reasonably have known about the alleged discrimination. Both of these objections are clearly meritless because: (1) the record makes it clear that Plaintiff initially filed a complaint with the Equal Employment Opportunity Commission and then failed to exercise her right to sue within the time allotted; and (2) Plaintiff was aware of the alleged discrimination, or at least that she believed she had been discriminated against, long before she filed this lawsuit such that the limitations period on her claims had run. (Dkt. 20.)

Therefore, the objections are OVERRULED and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

Therefore, Defendants' motion to dismiss (Dkt. 14) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 30, 2014, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb  
Case Manager